*E-FILED 5/26/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HILL DESIGN GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>SPRING WANG, ET AL.,<br><br>    Defendants. | NO. 5:04-cv-521 JF (RS)<br><br>**ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS** |

## I. INTRODUCTION

Plaintiff Hill Design Group ("plaintiff") moves to compel defendants Spring Wang, Michael Wang, Mia Wang, and, Shen-Tai Industry Co., Ltd. (collectively, "defendants") to answer interrogatories and to provide documents in response to its discovery requests. Plaintiff also seeks sanctions as a result of defendants' alleged failure to provide the requested discovery in a timely fashion. The motions to compel and for sanctions were submitted on the papers without oral argument, pursuant to Civil L.R. 7-1(b). Based on all papers filed to date, the Court grants the motion to compel and denies the motion for sanctions, for the reasons set forth below.

## II. BACKGROUND

Plaintiff alleges that it is owed unpaid royalties based on defendants' sales of outdoor furniture

1 which incorporated its designs and component parts.  Plaintiff contends that defendants' failure to pay it the

2 royalties it is owed violates not only the parties' contract, but applicable patent and copyright laws as well.

3 Based on these allegations, plaintiff filed a complaint against defendants in this Court on February 9, 2004,

4 alleging eleven claims for relief. Although the parties have exchanged many relevant documents in this

5 action, plaintiff complains that the materials it has received from defendants are mostly in Chinese and must,

6 therefore, be translated. As a result, plaintiff served Special Interrogatories and Requests for Production of

7 Documents on defendants in August 2004.  To date, however, despite receiving several extensions of time

8 to complete their responses, defendants have not responded to the discovery. Accordingly, plaintiff moves

9 to compel responses and requests that the Court impose sanctions on defendants.

10 Defendants oppose the motions on the grounds that it was their understanding that an agreement

11 had been reached whereby counsel for the parties would meet with a mutually agreeable interpreter to

12 translate all of the relevant documents produced to date, which include financial information and sales data,

13 so that plaintiff could make a reasonable settlement demand.  Although they concede that they ignored prior

14 extensions of time to complete their discovery responses, defendants note that plaintiff's counsel had not

15 recently mentioned the discovery and that, therefore, they assumed the meeting with the translator would

16 occur before a determination was made as to whether any additional discovery was needed.  Defendants

17 state that, based on the filing of the motion to compel, they are now preparing their responses and intend to

18 provide those responses to plaintiff prior to June 8, 2005.  As a result of their anticipated compliance, as

19 well as on their reasonable belief that plaintiff did not want their responses until after the meeting with the

20 translator had occurred, defendants argue that sanctions are not warranted in this instance.

### III.  STANDARDS

22 Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party,
> in response to a request for inspection submitted under Rule 34, fails to respond
> that inspection will be permitted as requested or fails to permit inspection as
> requested, the discovering party may move for an order compelling an answer, or
> a designation, or an order compelling inspection in accordance with the request.
> The motion must include a certification that the movant has in good faith
> conferred or attempted to confer with the person or party failing to make the
> discovery in an effort to secure the information or material without court action.

2

Fed. R. Civ. P. 37(a)(2)(B).

Fed. R. Civ. Pro. 37(a)(4) also provides in pertinent part that, if a motion to compel is granted, the court shall require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in obtaining the order, including attorneys' fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

## IV.  DISCUSSION

As noted above, defendants have stated that they are currently preparing their responses to plaintiff's discovery and that those responses will be provided prior to June 8, 2005.  Based on defendants' representations, as well as on the fact that they raised no substantive objections to any of the discovery propounded by plaintiff, the motion to compel is granted.  Defendants shall provide answers and materials in response to plaintiff's First Set of Special Interrogatories and Requests for Production of Documents on or before June 8, 2005.  Although the motion to compel is granted, the Court finds that an award of expenses to plaintiff at this juncture would be unwarranted based on defendants' professed good faith belief that the outstanding discovery would be provided after the parties' attorneys had met with the translator. As a result, plaintiff's motion for sanctions is denied.

## V.  CONCLUSION

For the reasons stated, plaintiff's motion to compel answers to its discovery is granted and defendants shall provide responses on or before June 8, 2005.  Plaintiff's motion for sanctions is denied. The hearing on these motions, scheduled for June 8, 2005, is vacated pursuant to Civil L.R.

\\\

\\\

\\\

7-1(b).

IT IS SO ORDERED.

Dated: May 26, 2005           /s/ Richard Seeborg
                              RICHARD SEEBORG
                              United States Magistrate Judge

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

**Counsel for Plaintiff(s)**

Thomas A. Moore, Esq.
Email:   mooretoma@hotmail.com

**Counsel for Defendant(s)**

Paul L. Gumina, Esq.
Email:  paul@svbusinesslaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated:  May 26, 2005

  /s/ BAK
Chambers of Magistrate Judge Richard Seeborg

**United States District Court**
For the Northern District of California

5