NOVECK & MOORE
Thomas A. Moore (S.B.N.#148698)
P.O. Box 1438
Los Altos CA 94023
Telephone: (650) 949-1899
Facsimile: (650) 887-0402

Attorneys for plaintiff
Hill Design Group

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Hill Design Group<br><br>    Plaintiff,<br><br>vs.<br><br>**Spring Wang** (aka Wang Chun Yueh Lo, Wang Lo Chun Yueh, Lo Chun Yueh, Chun Yueh Lo, Lo Chun Yoeh, Wang Chun Yoeh Lo, Chun Yoeh Lo, Wang Lo Chun Yoeh); **Michael Wang** (aka Michael Teng-yi Wang, Wang Teng-yi, Wang T.Y.); **Mia Wang** (aka Mia Hyon Chong Kim); **Shen-Tai Industry Co. Ltd.** (d.b.a. Shen Tai Group, Shen-Tai, Shen-Tai Industries Co. Ltd., Shen-Tai Industries Co., San Sky Group, San Sky, San Sky Industrial Co., San Sky Industry Co. Ltd., SanSky Industrial Ltd., Shen-Li, Shen Li Co. Ltd., ; Styling Plastic Products Co. Ltd., Styling Plastic Industry Co. Ltd., Styling Plastic Co., Styling Industrial Co. Ltd., Styling Industry Co. Ltd., Shenta Industrial S.A., Shen-He, Shenhe Luggage Co. Ltd., Room Store.) and DOES 1 to 500<br><br>    Defendants. | Case No. CV-04-00521 JF<br><br>PROTECTIVE ORDER RE: USE AND DISSEMINATION OF DOCUMENTS AND INFORMATION DISCLOSED BY WAL-MART |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

# **STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties are engaged in discovery from Wal-Mart Corporation which involves, among other things, the production of certain information, documents, and things by Wal-Mart Corporation subject to discovery or disclosure in this action which may be claimed to be or deemed to contain Confidential Information, or Highly Confidential Information by Wal-Mart Corporation, as defined herein;

NOW, THEREFORE, in the interest of expediting discovery pursuant to the subpoena issued to Wal-Mart by Plaintiff Hill Design Group, and permitting the same to proceed without delay, the parties, by their attorneys, have agreed to provide access to and to accept such information, documents, and things subject to certain protective provisions hereinafter set forth.

It is hereby stipulated by the attorneys of the parties, subject to the approval of the Court, that:

1. All documents or information produced by Wal-Mart in this litigation shall be deemed to contain commercially sensitive information (hereinafter "Confidential Documents", "Confidential Information", "Highly Confidential Documents" or "Highly Confidential Information"), and shall be stamped or otherwise marked CONFIDENTIAL or HIGHLY CONFIDENTIAL. This Protective Order shall only apply to any discovery from Wal-Mart.

    a. "Confidential Documents" or "Confidential Information" as used herein means any type or classification of information produced or disclosed by Wal-Mart during this action that contains commercially sensitive, proprietary and confidential material or information (e.g., vendor agreements, basic contracts, etc.) and that is designated by any person or party as confidential at the time of disclosure in writing or in the record of a deposition or hearing, whether revealed during deposition, in a document, in an interrogatory answer, by production of tangible evidence, or otherwise. The Parties may retroactively designate as "CONFIDENTIAL" under this Order any information or documents produced in discovery in this action prior to the date of this Order. No designation shall be made unless counsel for the

Protective Order Re: Use And Dissemination Of Documents And Information Disclosed By Wal-Mart

1 designating party believes in good faith that the designated material is entitled to protection
2 under the Federal Rules of Civil Procedure.
3              b.  "Highly Confidential Documents" or "Highly Confidential
4 Information" as used herein means any type or classification of information produced or
5 disclosed by any person or party (the "designating party") during this action that contains
6 commercially very sensitive, exceptionally proprietary and highly confidential material or
7 information (e.g., trade secrets, corporate strategies, etc.) and that is designated by that person or
8 party as highly confidential at the time of disclosure in writing or in the record of a deposition or
9 hearing, whether revealed during deposition, in a document, in an interrogatory answer, by
10 production of tangible evidence, or otherwise. The Parties may retroactively designate as
11 "HIGHLY CONFIDENTIAL" under this Order any information or documents produced in
12 discovery in this action prior to the date of this Order.  No designation shall be made unless
13 counsel for the designating party believes in good faith that the designated material is entitled to
14 protection under the Federal Rules of Civil Procedure.
15         2.     Information designated confidential or highly confidential shall be
16 indicated as follows:
17              a.     In the case of an exhibit, document or other tangible evidence, by a
18 sticker, stamp or other written means to the exhibit, document or tangible evidence stating
19 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL";
20              b.     In the event that any item with the designation
21 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is introduced by counsel during a
22 deposition, the reporter and counsel for the other party (or parties) must be instructed during the
23 deposition that, pursuant to this Order, the deposition and such exhibits, if retained by the
24 reporter, must be held under seal, and if filed in Court, must be filed under seal, and the reporter
25 must be further instructed not to furnish copies of any such exhibits or disclose the contents
26 thereof to any person other than counsel for the parties and the deponent at whose deposition the
27 Confidential Information or Highly Confidential Information was introduced.  In addition, a
28 party may designate deposition testimony as "CONFIDENTIAL" or "HIGHLY

NOVECK & MOORE
ATTORNEYS

SOUTHERN CALIFORNIA
11500 WEST OLYMPIC BLVD. SUITE 360
LOS ANGELES CA. 90064
(310) 268-0241

NORTHERN CALIFORNIA
P.O. BOX 1438
LOS ALTOS CA. 94023
(650) 949-1899

CONFIDENTIAL" by providing either oral notice on the record during the deposition or written notice of such designation to the reporter and counsel for opposing party within fifteen (15) days after receipt of the transcript of the deposition. During this 15 day period, the entire deposition transcript shall be treated as "HIGHLY CONFIDENTIAL" under this Order.

        c.      In the case of an interrogatory answer or a paper to be filed with the Court, by a statement in the answer or paper attached thereto by the designating party stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and identifying the portion of the answer or paper designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    3.    Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be disclosed only to:

        a.      Outside legal counsel, including trial counsel and local counsel, for any party to this action, including members, associates, and employees of the firm or offices of which such counsel are members or employees, as well as outside copying and computer services, and the parties themselves;

        b.      subject to the requirements of paragraph 4, persons who are designated as experts by a party to this action retained solely for the purposes of this action;

        c.      court reporters and their staffs; and

        d.      the Court and all members of the Court's staff.

    1.    Under no circumstances shall any party provide Confidential Information, Confidential Documents, Highly Confidential Information, Highly Confidential Documents and/or Related Materials to any competitor of the parties or of Wal-Mart, unless a written authorization of the concerned party is first obtained.

    5.    With respect to Confidential Information or Highly Confidential Information elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", counsel may designate on the record prior to such disclosure that the disclosure is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Whenever a matter designated as "CONFIDENTIAL" or "HIGHLY

4

Protective Order Re: Use And Dissemination Of Documents And Information Disclosed By Wal-Mart

1  CONFIDENTIAL" is to be discussed in hearing or other proceeding, any party claiming such
2  confidentiality may request that the Court exclude from the room any person who is not entitled
3  under this Order to receive information designated as "CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL".

5        6. All discovery materials provided by Wal-Mart may be made, by separate
6  written agreement, specifically subject to the terms of this Order. Wal-Mart may designate
7  documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in
8  accordance with this Order. Any designation by Wal-Mart shall have the same force and effect
9  as if made pursuant to the terms of this Order. The provisions of paragraph 17 relating to a
10 challenge on the assertion of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status shall
11 apply also to discovery materials designated "CONFIDENTIAL" or "HIGHLY
12 CONFIDENTIAL" by non-parties.

13       7. In the event a party wishes to foreclose access to Confidential Information,
14 Confidential Documents, Highly Confidential Information, Highly Confidential Documents
15 and/or Related Materials, in whole or in part, to any person, that party may, upon a showing of
16 good cause, move the court ex-parte for an appropriate order precluding access. Once such a
17 motion has been filed, Confidential Information, Confidential Documents, Highly Confidential
18 Information, Highly Confidential Documents and/or Related Materials shall not be disclosed to
19 such person before the Court rules on such motion.

20       8. If counsel for any party believes that examination of any witness on
21 deposition will require disclosure of information designated "CONFIDENTIAL" or "HIGHLY
22 CONFIDENTIAL", counsel will notify opposing counsel, and that part of the deposition shall be
23 taken in the presence of only persons authorized to receive Confidential Information or Highly
24 Confidential Information.

25       9. In the event that Confidential Information, Confidential Documents,
26 Highly Confidential Information, Highly Confidential Documents and/or Related Materials are
27 used in any court proceeding in this action, they shall not lose their confidential or highly
28

5

Protective Order Re: Use And Dissemination Of Documents And Information Disclosed By Wal-Mart

1 confidential status through such use, and the party using such material shall take all steps
2 reasonably available to protect their confidentiality during such use.

3     10. This Order shall not be deemed a waiver of any party's right to object to
4 the production, disclosure or admissibility of Confidential Information, Confidential Documents,
5 Highly Confidential Information, Highly Confidential Documents and/or Related Materials or
6 the taking of any testimony or other evidence on any basis other than their confidential or highly
7 confidential status pursuant to this Order.

8     11. The disclosure of the Confidential Information, Confidential Documents,
9 Highly Confidential Information, Highly Confidential Documents and/or Related Materials shall
10 not be deemed as a waiver in whole or in part of a party's claim of confidentiality, either as to the
11 specific information disclosed or as to any other information relating thereto or in the same or
12 related subject matters.

13     12. The inadvertent production of any item without it being designated
14 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not be deemed a waiver of any claim
15 that the item designated is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". If a party
16 through inadvertence produces any item designated "CONFIDENTIAL" or "HIGHLY
17 CONFIDENTIAL" without designating it as such under this Order, the producing party may
18 furnish a substitute item properly marked along with written notice to all parties (or written
19 notice alone as to non-documentary information) that such item is deemed "CONFIDENTIAL"
20 or "HIGHLY CONFIDENTIAL" and should be treated as such. The receiving party (or parties)
21 must treat such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" from the
22 date the notice is received. Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
23 information prior to this receipt of notice will not be deemed a violation of this Order.

24     13. The terms of paragraph 2 regarding the marking of documents will not
25 control where a party, in response to a document request, elects to make originals or working
26 copies of documents available to outside counsel for the receiving party (or parties) for review
27 before making production copies. In that case, a producing party is not obligated to make any
28 confidentiality designation upon such documents at the time they are made available. Instead, all

6

Protective Order Re: Use And Dissemination Of Documents And Information Disclosed By Wal-Mart

1 documents at the time they are made available to outside counsel for the receiving party shall be
2 treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until the producing party
3 delivers production copies, at which time the confidentiality designations (including no
4 designation) the producing party will have made will control.  Any originals or working copies
5 of documents that outside counsel for the receiving party has elected not to have copied, and any
6 notes or summaries thereof, will continue to be treated as "CONFIDENTIAL" or "HIGHLY
7 CONFIDENTIAL."

8       14. All exhibits and other documents filed with the Court in this action that
9 contain or describe information designated "CONFIDENTIAL" or "HIGHLY
10 CONFIDENTIAL", shall be filed in sealed envelopes pursuant to the requirements set forth
11 in Civil L.R. 79-5.

16       15. All information or materials received by a party from the producing party
17 pursuant to this Stipulated Protective Order which contain information designated
18 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," shall be used solely for the purpose of
19 this action and for no other purpose, and shall not be disclosed to any person not authorized to
20 receive such information or materials pursuant to this Stipulated Protective Order.

21       16. The restrictions set forth in any of the preceding paragraphs shall not
22 apply to information which:
23       a. was, is, or becomes public knowledge, not in violation of this
24 Stipulated Protective Order; or
25       b. is acquired from a third party lawfully possessing such information
26 and having no confidentiality obligation with respect thereto.

7

Protective Order Re: Use And Dissemination Of Documents And Information Disclosed By Wal-Mart

17. In the event that a party disagrees with any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, the parties shall try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief, and the party contending that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is legally protectable confidential information shall have the burden of applying for such relief from the Court and shall have the burden of proving that the disputed information is legally protectable.

18. Nothing in this Stipulated Protective Order shall be deemed a waiver of a party's right to oppose production of any information or documents for any reason other than that such information or document contains or comprises confidential or highly confidential information.

19. Within thirty (30) days after the conclusion of this case, counsel shall assemble and return to Wal-Mart all copies of Confidential Documents, Highly Confidential Documents and/or Related Materials in their possession and in the possession of any person to whom they have disseminated Confidential Documents, Highly Confidential Documents and/or Related Materials. Alternatively, counsel may destroy all received Confidential Documents, Highly Confidential Documents and/or Related Materials and shall certify in writing that such destruction has occurred. Notwithstanding anything to the contrary in the foregoing, each counsel and its firm may retain one copy of all deposition transcripts and exhibits thereto in this case and one complete set of pleadings and papers filed with the Court or served on the other side so long as it is maintained in accordance with this Order.

20. Nothing in the foregoing provisions of this Order shall:

    a. Limit any party in the introduction of Confidential Information, Confidential Documents, Highly Confidential Information, Highly Confidential Documents and/or Related Materials into evidence, subject to the designating party's right to seek protection from the Court;

    b. Prevent a party from objecting to discovery which it believes to be improper; or

8

Protective Order Re: Use And Dissemination Of Documents And Information Disclosed By Wal-Mart

c. Limit any party's disclosure or use of Confidential Information, Confidential Documents, Highly Confidential Information, Highly Confidential Documents and/or Related Materials that were produced by that party.

21. If any party is served with a subpoena to produce Confidential Information, Confidential Documents, Highly Confidential Information, Highly Confidential Documents and/or Related Materials, or ordered by a Court to do so, the party shall give immediate written notice to the producing party to allow the producing party to seek protection by the Court or appointed discovery referee.

22. This Stipulated Protective Order shall remain in full force and effect throughout this action until modified, superseded or terminated by order of the Court or by agreement of the parties.

Dated this 4th day of August, 2005.

IT IS SO ORDERED.

_/s/ Richard Seeborg_
U.S. Magistrate Judge

AGREED TO:

PLAINTIFF                                                      DEFENDANTS

_____/s/_____              _____/s/_____
Hill Design Group                                    Spring Wang, et.al.
By its attorneys,                                     By their attorneys,
Thomas A. Moore                                 Paul Gumina
Noveck & Moore                                   1735 N. First St., Suite 300
P.O. Box 1438                                        San Jose, CA 95112
Los Altos CA 94023

9
Protective Order Re: Use And Dissemination Of Documents And Information Disclosed By Wal-Mart