**\*E-FILED 7/7/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HILL DESIGN GROUP,<br><br>　　　　Plaintiff,<br>　v.<br>SPRING WANG, ET AL.,<br><br>　　　　Defendants. | NO. C 04-00521 JF (RS)<br><br>**ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS** |

## I. INTRODUCTION

Before the court is plaintiff Hill Design Group's motion to compel defendants to produce further interrogatory responses and documents, and Hill's separately noticed motion for sanctions. The motions were heard on June 28, 2006. Based on the argument of counsel and all the papers filed to date, the motion to compel will be granted and the motion for sanctions will be denied, for the reasons set forth below.

## II. BACKGROUND

Hill brought this action to recover royalties it contends it is owed for defendants' use of Hill's designs incorporated in various outdoor furniture products. Hill also alleges copyright and patent infringement. The discovery in dispute in this motion essentially seeks to quantify and document the products that defendants made and sold containing any of Hill's designs, although at least some of the requests appear to seek information beyond that directly relating to products incorporating Hill's designs. (See e.g. Interrogatory No. 5, seeking information as to defendants'

1

customers for *any* "outdoor furniture.")

This is the second motion to compel and request for sanctions that Hill has brought with respect to these interrogatories and document requests. Initially, defendants had not responded to the interrogatories at all, had not produced written responses to the document requests, and had produced only some documents. In response to the first motion to compel, defendants' counsel filed a declaration explaining why he had previously believed that written responses were not going to become necessary, but that he was then in the process of preparing them. Based on those representations, the Court granted the motion to compel, but denied sanctions, by a written order dated May 26, 2005.

Defendants thereafter served responses to the interrogatories and document requests, and produced additional documents, within the time period set by the prior order. Hill contends, however, that those responses were inadequate and that they improperly included objections.

### III. DISCUSSION

A. <u>Motion to Compel</u>

The record reflects that there has been a total breakdown in how the discovery process and meet and confer negotiations are supposed to function. The Court is not in a position to sort through exactly how that breakdown occurred and it is unwilling to attempt to assign the relative levels of blame and responsibility each side may bear. There is little doubt that both sides have made some reasonable attempts to compromise at points along the way, but conversely, there is also little doubt that both sides have taken positions and acted in ways at times that exacerbated the conflict unnecessarily. Various outside factors appear also to have contributed to the situation, including such things as plaintiff's counsel's relocation to another state and some resulting delays in the transmission of correspondence.

Additionally, the Court's ability to discern what substantive relief may be warranted at this point in time is hampered by the state of the record. Hill apparently would prefer that the Court simply order defendants to fill out the Excel spreadsheet that Hill prepared, but the concept of the spreadsheet was developed during the failed meet and confer process–it is not an interrogatory or document request, and the Court is disinclined to *require* its use where there was never a meeting of

the minds as to whether it was appropriate. Defendants, in turn, appear to be taking the position that there simply is no more information or documents that they could provide. By failing to file an actual opposition brief, however, and by addressing virtually none of Hill's specific contentions in the declaration that they did file, defendants have given the Court no reasonable basis to conclude that in fact no further responsive materials exist. Review of the responses provided as well as the record on was represented during meet and confer discussions strongly suggests that the contrary is true.

The situation is further complicated by the question of whether or not defendants are withholding anything based on objections to the requests. Hill argues, with some justification, that defendants *waived* any and all objections by failing to serve timely responses in the first instance, and that under the Court's prior order, defendants were not entitled to assert any objections. The Court's prior order, however, did not directly address waiver–rather, based on the declaration defendants filed at the time, the Court understood that defendants did not intend to assert any substantive objections. When defendants served their responses, they did include numerous objections, but in many cases agreed to provide information or documents or both notwithstanding those objections. On this record, however, it is not possible to determine whether defendants ultimately relied on any of the objections as a basis for not producing additional documents or more complete interrogatory answers.

Based on defendants' failure to serve timely responses initially and on their representations to the Court at the time of the first motion, the Court concludes that it would be inappropriate to permit defendants to assert or to rely on any objections as to the form of the discovery requests. The Court recognizes, however, that at least some of the requests in dispute potentially call for the production of information or documents that may have relatively little probative value, and that there is at least a possibility that the burden of compiling, and possibly translating, documents and information located overseas may not be warranted. Accordingly, the Court will not rule at this juncture that defendants necessarily have waived the right to object to any such burdens. If, after defendants have complied with this order, there is still a controversy between the parties as to whether additional responsive materials must be produced, defendants may seek a protective order

3

that makes a *particularized* showing as to what materials have not been produced and what the burdens of doing so would be. Defendants are cautioned, however, that there do appear to be grounds upon which the Court might find that all objections have been waived. For its part, Hill is cautioned that the Court generally is reluctant to order a party to engage in unduly expensive or burdensome productions where the material is of tangential relevance, even in the face of a claim that all objections have been waived. Accordingly, it remains in both parties' interest to resolve any disputes that may remain through negotiation and compromise.

In light of all of the foregoing, the motion to compel will be granted on the following terms:

1. No later than August 1, 2006, defendants shall serve amended interrogatory responses and amended written responses to the documents requests. The amended responses shall not include any objections, with the exception that if defendants contend that fully responding to any particular request would be unduly burdensome, they may so state, as long as they specifically describe the nature of the burden and fully identify what materials they believe may exist but have not been produced. The amended responses shall also address, as fully as possible, each and every point raised by Hill in its moving papers for this motion as to why the prior responses appear incomplete or non-responsive.

2. No later than August 1, 2006, defendants shall produce any additional responsive documents in their possession, custody, or control, except to the extent that it is withholding documents based on a claim of burden, as described above. Defendants shall identify as fully as possible the nature and number of any documents so withheld. If no additional documents exist, defendants shall provide a verified statement so stating.

B. <u>Motion for Sanctions</u>

As reflected in the proceeding discussion, it does appear that defendants have not fully complied with their discovery obligations, but that there has been a breakdown in communication on both sides during this process. Under these circumstances, sanctions will not be imposed. The parties are directed to address any remaining or future discovery disputes with a renewed effort at cooperation. To that end, the parties are strongly encouraged to focus only on the current state of affairs rather than the history of these discovery disputes, to meet face-to-face when practicable, and

4

to utilize direct telephone contact as an alternative to exchanging messages or correspondence.

## IV. CONCLUSION

The motion to compel is granted, as set forth above. The motion for sanctions is denied.

IT IS SO ORDERED.

Dated: July 7, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS
C 04-00521 JF (RS)

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Paul L. Gumina    paul@svbusinesslaw.com,

Thomas Allen Moore    tom@noveckandmoore.com

Julianne Pinter    juliannepinter@sbcglobal.net, karen@rpmlegal.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/7/06**                              **Chambers of Judge Richard Seeborg**

                                               **By:        /s/ BAK**

ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS
C 04-00521 JF (RS)

6