**E-Filed 12/11/2006**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HILL DESIGN GROUP,<br><br>                          Plaintiff,<br><br>          v.<br><br>SPRING WANG, ET AL.,<br><br>                          Defendants. | Case Number C 04-521 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO WITHDRAW AS ATTORNEY AND GRANTING MOTION FOR TERMINATING SANCTIONS<br><br>[re: docket no. 66, 77] |

King & Wood, LLP ("the firm"), Charles Law ("Law"), and Paul L. Gumina ("Gumina") move to withdraw from their representation of the named defendants in this matter.  Plaintiff Hill Design Group ("HDG") moves for terminating sanctions.  No opposition to either motion has been filed.  The Court heard oral argument on both motions on December 8, 2006.

**I. BACKGROUND**

This action arises from an alleged failed agreement between Plaintiff Hill Design Group ("HDG") and Shen-Tai Industry Co., Ltd. ("Shen-Tai") regarding the design and construction of outdoor furniture for sale in the United States.  The agreement was formed in 1996.  In 2001,

---

[1] This disposition is not designated for publication and may not be cited.

1   HDG became aware of perceived problems in the accounting required by the agreement.  Over

2   the next two years, the parties were involved in a series of disputes about the amount of royalties

3   due to HDG.  On February 9, 2004, HDG filed the instant action.  It named as defendants Shen-

4   Tai; Spring Wang, Chairman and CEO of Shen-Tai; Michael Wang, President and General

5   Manager of Shen-Tai; and Mia Wang, Vice-President of Shen-Tai (collectively, "the named

6   defendants").[2]

7   1.      Loss of Communication with Named Defendants

8           The firm, through its counsel Gumina and Law, represents the named defendants.  The

9   firm, Gumina, and Law now move to withdraw as counsel to the named defendants.  Gumina has

10  filed a declaration describing the course of the firm's representation of the named defendants and

11  its loss of contact with them ("Gumina Declaration").  Gumina states the following:

12          Gumina has represented the named defendants since the action was filed.  Gumina

13  Declaration ¶ 1.  Law has assisted Gumina on the representation, and now works in the firm's

14  Beijing office.  *Id.* ¶ 2.  To Gumina's knowledge, the named defendants have lived in Taipei,

15  Taiwan throughout the pendency of the action.  *Id.* ¶ 1.  Gumina communicated regularly with

16  the named defendants through defendant Michael Wang until July 31, 2006.  *Id.*  He did not

17  communicate directly with defendants Spring Wang and Mia Wang, but did communicate via

18  phone and email with Ivy Chen, Shen-Tai's legal adviser.  *Id.* ¶ 1, 3.  The last contact he had with

19  the named defendants was on July 31, 2006, when he received declarations executed by Michael

20  Wang in opposition to a motion to compel further discovery.  *Id.* ¶ 3.  He contacted the firm's

21  Beijing offices and asked them for assistance in contacting Michael Wang and Shen-Tai.  *Id.* ¶ 4.

22          On July 31, 2006, he attempted to telephone Michael Wang to discuss the pending motion

23  to compel, but found that Wang's cell phone and home phone numbers had been disconnected.

24  *Id.*  He also discovered that Shen-Tai's office telephone numbers had been disconnected.  *Id.*  He

25  sent emails to Ivy Chen and Michael Wang, but they were returned as undeliverable a few days

26  _____

27          [2]  The Complaint listed multiple aliases for each defendant and included Does 1 through

28  500.

2

1   later. *Id.* Attempts to fax the named defendants also were unsuccessful. *Id.* From August to

2   October, he attempted to contact the named defendants in a number of different ways. *Id.* ¶ 5-8.

3   All of these attempts failed. *Id.* On October 10, 2006, he learned that Shen-Tai's internet

4   domain name registration "shentai.com" had expired. *Id.* ¶ 9.

5           Opposing counsel contacted Gumina in late October with information regarding the

6   whereabouts of the named defendants. *Id.* ¶ 10. Gumina spoke with opposing counsel on

7   November 2, 2006. *Id.* ¶ 11. Opposing counsel provided Gumina with the address of a house in

8   Woodside, California, that counsel believed was owned by Spring Wang. *Id.* Opposing counsel

9   also provided Gumina with a fax number in the 650 area code that his clients previously had used

10  to send faxes to Michael Wang's sister, Sharon Wang,[3] who then supposedly forwarded them to

11  Michael Wang. *Id.* Opposing counsel informed Gumina that his clients had received

12  information that Shen-Tai had shut down its offices in Taipei, that the company no longer was

13  doing business in the United States, and that Michael Wang had been jailed in the Peoples'

14  Republic of China for unknown reasons. *Id.* Opposing counsel also informed Gumina that he

15  believed that the house in Woodside had been put up for sale, but that it was heavily mortgaged.

16  *Id.* Gumina knew none of this information previously. *Id.*

17          Since receiving this information from opposing counsel, Gumina has attempted to contact

18  the named defendants through the Woodside address and the "650" fax number. *Id.* ¶ 12. He

19  sent letters on November 3rd, 6th, and 7th, explaining the urgency of the situation and advising

20  his clients that their failure to contact him immediately would prevent him from defending their

21  interests in the case. *Id.* In his letter of November 7th, he advised his clients that he would have

22  no choice but to file a motion to withdraw as their attorney unless he heard from them

23  immediately. *Id.* He received no reply from the named defendants. *Id.* He received

24  confirmations that the faxes were successful and that the November 3rd and 6th letters were

25  delivered. *Id.* He requested signature verification on the November 7th letter, but UPS informed

26  him that "the receiver was unavailable to sign on the first delivery attempt." *Id.* On November

27

28          [3] Sharon Wang is not a defendant in this action.

Case No. C 04-521 JF (RS)
ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY AND GRANTING MOTION FOR
TERMINATING SANCTIONS
(JFLC1)

1  8, 2006, he sent copies of plaintiff's motion for terminating sanctions to the Woodside address

2  and the last known address in Taipei. *Id.* ¶ 13.

3      Gumina represents in his declaration that he planned to continue to try to contact his

4  clients in the period prior to the motion hearing. *Id.* ¶ 14. Gumina represented at oral argument

5  that he in fact made these efforts, but that they proved fruitless.

6  2.    Failure to Comply with Discovery Obligations

7      The instant action has given rise to multiple discovery disputes. The Magistrate Judge

8  granted two motions to compel the named defendants to comply with their discovery obligations

9  while simultaneously denying motions for sanctions. On May 26, 2005, the Magistrate Judge

10  compelled the named defendants to "provide answers and materials in response to plaintiff's First

11  Set of Special Interrogatories and Requests for Production of Documents," but denied the motion

12  for sanctions on the basis of the "defendants' professed good faith belief that the outstanding

13  discovery would be provided after the parties' attorneys had met with the translator." May 26,

14  2005 Order Granting Motion to Compel and Denying Motion for Sanctions 3. On July 7, 2006,

15  the Magistrate Judge compelled the named defendants to provide amended responses to

16  interrogatories and to provide materials it had withheld on the stated ground that production

17  would be too burdensome. July 7, 2006 Order Granting Motion to Compel and Denying Motion

18  for Sanctions 4. However, the Magistrate Judge denied the motion for sanctions, stating that

19  "[a]s reflected in the proceeding discussion, it does appear that defendants have not fully

20  complied with their discovery obligations, but that there has been a breakdown in communication

21  on both sides during this process. Under these circumstances, sanctions will not be imposed. The

22  parties are directed to address any remaining or future discovery disputes with a renewed effort at

23  cooperation." *Id.*

24      Thomas A. Moore ("Moore"), Counsel for HDG has filed a declaration regarding the

25  failure of the named defendants to comply with their discovery obligations in the instant action.

26  Moore declares the following with regard to the period since the Magistrate Judge's July 7, 2006

27  order granting the motion to compel and denying the motion for sanctions:

28

4

1    He noticed the deposition of Mia Wang and set it to occur on August 31, 2006. Moore

2    Declaration ¶ 15. On or about August 21, 2006, Gumina contacted Moore to request an

3    extension of time to respond to discovery because he had been unable to contact his clients since

4    August 21, 2006. *Id.* ¶ 16. On or about August 29, 2006, Moore wrote to Gumina to inform him

5    that he would reschedule Mia Wang's deposition if an alternate date was provided. *Id.* ¶ 17.

6    Moore also informed Gumina that he was not amenable to extending the time to respond to the

7    written discovery. *Id.* Moore never received alternate dates for Mia Wang's deposition or the

8    requested written discovery. *Id.*

9    Moore also states the following: At the September 8, 2006, case management conference,

10   he informed the Court that outstanding discovery issues remained unresolved. *Id.* ¶ 18. Defense

11   counsel admitted at that point that he was no longer in touch with his clients and that he was

12   contemplating a motion to withdraw. *Id.* Defense counsel made the same statement at the case

13   management conference on October 20, 2006. *Id.* ¶ 19. Moore stated that he was thoroughly

14   exasperated at the continued delays and defendants' refusal to comply with their discovery

15   obligations. *Id.* ¶ 19. As a result of these delays, Moore conducted an investigation into the

16   defendants' whereabouts. *Id.* ¶ 20. He discovered that over the last two years defendants have

17   liquidated all their holdings in the United States, and are currently under contract to sell their

18   family home in Woodside, California. *Id.* In addition, it appears that Shen-Tai has ceased

19   operations in the United States. *Id.* Moore asserts that "[i]t is clear at this time that they have

20   ceased participating in this case because they are moving their assets overseas and believe that

21   Plaintiff's judgment against them will be uncollectible." *Id.*

22   On November 8, 2006, HDG filed a motion for terminating sanctions in this Court.

## II. LEGAL STANDARD

24   1.    Motion to Withdraw

25   Counsel shall not withdraw from an action until relieved by order of the Court after

26   reasonable advance written notice has been given to the client and to all other parties who have

27   appeared in the case. Civil L.R. 11-5 (a). When withdrawal by an attorney is not accompanied

28

5

1  by simultaneous appearance of substitute counsel or agreement of the party to appear pro se,

2  leave to withdraw may be subject to the condition that papers may continue to be served on

3  counsel for forwarding purposes, unless and until the client appears by other counsel or pro se.

4  Civil L.R. 11-5(b).

5          In the Northern District of California, the conduct of counsel is governed by the standards

6  of professional conduct required of members of the State Bar of California, including the Rules

7  of Professional Conduct of the State Bar of California.  *Elan Transdermal Limited v. Cygnus*

8  *Therapeutic Systems*, 809 F. Supp. 1383, 1387 (N.D. Cal. 1992).  Under those standards, an

9  attorney may request permission to withdraw if the client breaches an agreement or obligation to

10 the attorney with respect to payment of expenses or fees.  Cal. Rules of Professional Conduct

11 Rule 3-700(C)(1)(f).  Additionally, an attorney may request permission to withdraw in matters

12 where the client's conduct renders it unreasonably difficult for the attorney to represent the client

13 effectively.  Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d).

14 2.      Motion for Terminating Sanctions

15         The Ninth Circuit has held that courts should weigh five factors when assessing the

16 appropriateness of terminating sanctions:

17         Because the sanction of dismissal is such a harsh penalty, the district court must
           weigh five factors before imposing dismissal: (1) the public's interest in
18         expeditious resolution of litigation; (2) the court's need to manage its dockets; (3)
           the risk of prejudice to the party seeking sanctions; (4) the public policy favoring
19         disposition of cases on their merits; and (5) the availability of less drastic
           sanctions.  The first two of these factors favor the imposition of sanctions in most
20         cases, while the fourth cuts against a . . . dismissal sanction. Thus the key factors
           are prejudice and the availability of lesser sanctions.
21

22 *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir. 1993) (citations and quotation marks

23 omitted).

24                                    **III. DISCUSSION**

25 1.      Motion to Withdraw

26         The Gumina declaration provides uncontested evidence that the named defendants have

27 been unwilling or unable to communicate or to cooperate with Gumina since August 1, 2006.

28

                                              6

1    Gumina has made repeated efforts to contact his clients.  The named defendants' conduct has

2    rendered it unreasonably difficult for Gumina, Law, and the firm to represent the client

3    effectively.  Counsel may ask to withdraw under such circumstances.  Cal. Rules of Professional

4    Conduct Rule 3-700(C)(1)(d).  The Court will grant the motion to withdraw.  In light of the

5    breakdown in communication, the Court will not require the firm to continue to receive service

6    on behalf of the named defendants.

7    2.      Motion for Terminating Sanctions

8            The named defendants repeatedly have failed to honor their discovery obligations in this

9    case.  The Magistrate Judge has refused to grant sanctions twice, but the behavior of the named

10   defendants since the July 7, 2006 order to compel reveals a new willingness to flout court orders

11   and ignore discovery obligations.  In light of the declarations of Gumina and Moore, it appears

12   that the named defendants walked away from this litigation at the end of July, 2006.[4]  These

13   actions reveal an "abiding contempt and continuing disregard for [the magistrate's] orders" that

14   justifies the sanctions of dismissal and default.  *See Computer Task Group, Inc. v. Brotby*, 364

15   F.3d 1112, 1117 (9th Cir. 2004) (alteration in original) (citing *Anheuser-Busch v. Natural*

16   *Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995).  The Court concludes that the public's

17   interest in expeditious resolution of litigation, the court's need to manage its dockets, and the risk

18   of prejudice to the party seeking sanctions all weigh in favor of granting terminating sanctions.

19   The public policy favoring disposition of cases on their merits may normally weigh against

20   granting terminating sanctions, but it does not here, because Gumina's declaration indicates that

21   there is little chance of this case being resolved on the merits even if the Court does not grant

22   terminating sanctions at this point.  Finally, the availability of less drastic sanctions does not

23   weigh against the imposition of terminating sanctions here because it appears that lesser

24   sanctions would have no effect upon the named defendants' conduct.

25           Gumina has taken all reasonable efforts to contact the named defendants and warn them

26   _____

27           [4] While Michael Wang may have been imprisoned in China, there is no evidence that any
     of the other named defendants have been incarcerated.

28

7

1  of the possible imposition of such sanctions.  The named defendants' failure to provide any

2  forwarding information or contact their attorney confirms their disinterest in this litigation and

3  the improvidence of requiring further notice of the motion for terminating sanctions.[5]

4  Accordingly, the Court will grant the motion for terminating sanctions.

5                                              **IV. ORDER**

6            Good cause therefor appearing, IT IS HEREBY ORDERED that:

7            i.        The motion to withdraw is GRANTED.  The firm shall send a copy of this

8                      order to the Woodside address and the last known Taipei address.

9            ii.       The motion for terminating sanctions is GRANTED.

13  DATED: December 11, 2006.

16                                                                    _____
                                                                      JEREMY FOGEL
17                                                                    United States District Judge

---

26        [5]  Gumina represented at oral argument that individual defendants had differing degrees
27  of involvement with this litigation.  These facts would be pertinent to the Court's analysis of a
    motion to set aside the instant order under Federal Rule of Civil Procedure 60, but they do not
28  affect the analysis of the instant motion.

8

1    This Order has been served upon the following persons:

2    Paul L. Gumina              paul@svbusinesslaw.com,

3    Thomas Allen Moore          tom@noveckandmoore.com

4    Julianne Pinter            juliannepinter@sbcglobal.net, karen@rpmlegal.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 04-521 JF (RS)
ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY AND GRANTING MOTION FOR
TERMINATING SANCTIONS
(JFLC1)